**JACOB SHIDAEV (SBN 343616)**
LAW OFFICES OF JACOB SHIDAEV
15233 Ventura Boulevard, Suite 1004
Sherman Oaks, California 91403
Telephone: (424) 558-4141
Email: info@shidaev.com
Attorney for Petitioner Viacheslav Surguchev

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| **VIACHESLAV SURGUCHEV,**<br><br>Petitioner,<br><br>v.<br><br>**WARDEN, Adelanto ICE Processing Center; ERNESTO SANTACRUZ JR., Field Office Director, Los Angeles Field Office, U.S. Immigration and Customs Enforcement; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States,**<br><br>Respondents. | CASE NO. 5:26-cv-04905<br><br>**PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241; REQUEST FOR ORDER TO SHOW CAUSE AND IMMEDIATE RELEASE**<br><br>**[IMMIGRATION DETENTION]** |

**PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Viacheslav Surguchev, A240-325-840, petitions for a writ of habeas corpus under 28 U.S.C. § 2241. He is detained at the Adelanto ICE Processing Center after Immigration and Customs Enforcement re-arrested him at a scheduled check-in on August 7, 2026. For more than four years before that arrest, he lived in the community under an I-220A Order of Release on Recognizance issued under Immigration and Nationality Act ("INA") § 236, 8 U.S.C. § 1226. ICE revoked that conditional liberty without advance notice, a custody hearing, or a finding that he had violated any release condition.

Petitioner's removal order is not administratively final because his timely appeal to the Board of Immigration Appeals ("BIA"), filed July 14, 2026, remains pending. Section 1226(a), not the post-order statute, therefore governs. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059–62 (9th Cir. 2008). The Ninth Circuit has also now rejected the government's contention that a person present without admission and apprehended in the interior is categorically subject to mandatory detention under § 1225(b)(2)(A). *Rodriguez Vazquez v. Bostock*, No. 25-6842, slip op. at 9–10, 25–26 (9th Cir. July 30, 2026) (published).

Petitioner seeks restoration of the status quo through immediate release on his prior conditions. Alternatively, he requests a constitutionally adequate custody hearing within 72 hours at which Respondents bear the burden of proving by clear and convincing evidence that detention is necessary because no less restrictive conditions can address a concrete risk of flight or danger. He asks the Court to issue an order to show cause and to set Respondents' answer on the schedule prescribed by this Court's General Order 26-05, which governs petitions of this kind. If Respondents do not timely answer, Petitioner asks the Court to decide the Petition on the unrebutted record and order immediate release.

## I. PARTIES

1. Petitioner Viacheslav Surguchev is a citizen of Russia. His A-number is A240-325-840. He is presently confined at the Adelanto ICE Processing Center in San Bernardino County, California.

2. Respondent Warden of the Adelanto ICE Processing Center is named in his or her official capacity and is Petitioner's immediate custodian. The facility is operated under contract by a private entity, and the name of the individual presently serving as warden or facility administrator is not reflected in the records available to counsel. The individual holding that office is the proper respondent and is automatically substituted under Federal Rule of Civil Procedure 25(d).

3. Respondent Ernesto Santacruz Jr. is named in his official capacity as Field Office Director for ICE's Los Angeles Field Office, which exercises authority over Petitioner's custody.

4. Respondents David Venturella, Markwayne Mullin, and Todd Blanche are named in their official capacities as Acting Director of U.S. Immigration and Customs Enforcement, Secretary of Homeland Security, and Attorney General of the United States, respectively. If any officeholder changes, the current official is automatically substituted under Rule 25(d).

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331, 2241(c)(3), and 2243 because Petitioner is in custody in violation of the Constitution and laws of the United States.

6. Habeas review remains available for a challenge to the legal authority and procedures governing immigration detention. See *Demore v. Kim*, 538 U.S. 510,

516–17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Petitioner does not ask this Court to review the merits of his removal order, and he does not challenge a decision to commence proceedings, adjudicate a case, or execute a removal order.

7. Venue lies in the Central District of California because Petitioner is confined at Adelanto in San Bernardino County and his immediate custodian is within this District. 28 U.S.C. §§ 84(c)(1), 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004). The action belongs in the Eastern Division.

## III. FACTUAL ALLEGATIONS

8. DHS alleges that Petitioner entered the United States near Otay Mesa, California, on or about April 16, 2022, without admission or parole. DHS served a Notice to Appear charging him under INA § 212(a)(6)(A)(i). Exhibit B.

9. On April 21, 2022, ICE released Petitioner on an I-220A Order of Release on Recognizance. The order expressly states that release was made "[i]n accordance with section 236" of the INA and imposes reporting, residence, and law-compliance conditions, including participation in an Alternatives to Detention program. Exhibit A.

10. Petitioner complied with his release requirements for more than four years. The presently available record identifies no criminal history, conviction, violent conduct, or release-condition violation.

11. On June 17, 2026, an Immigration Judge denied asylum, withholding of removal, and protection under the Convention Against Torture and entered a removal order.

12. On July 14, 2026, within the thirty-day period prescribed by 8 C.F.R. § 1003.38(b), Petitioner and his father submitted a Notice of Appeal (Form EOIR-26)

from that decision to the Board of Immigration Appeals, together with a request for a fee waiver.

13. The Board denied the fee waiver request and afforded Petitioner a period in which to cure by re-filing with the appeal fee. See 8 C.F.R. § 1003.8(a)(3) (on denial of a fee waiver request the Board allows a cure period and tolls the applicable filing deadline during that period). Petitioner paid the appeal fee within the cure period, and the Board's filing stamp on the Notice of Appeal bears the resulting filing date of August 5, 2026. Exhibit C. The appeal is therefore timely and remains pending before the Board.

14. Two days later, on August 7, 2026, and while his administrative appeal was pending, ICE re-arrested Petitioner when he appeared for a scheduled ICE check-in. ICE provided no advance notice that it intended to revoke his release and no pre-deprivation opportunity to contest detention.

15. Petitioner is now held at Adelanto. No constitutionally adequate custody hearing occurred before the arrest, and no prompt post-deprivation hearing has occurred on the record available to counsel.

16. Counsel filed an emergency bond-redetermination request with the Adelanto Immigration Court on August 25, 2026. Exhibit G. That filing requested immediate release or a reasonable bond, invoked *Rodriguez Vazquez*, and documented the release plan. As of the filing of this Petition, no ruling on that request is reflected in the records available to counsel. In any event, that filing has not supplied the pre-deprivation process required before revocation of established conditional liberty.

17. Petitioner's father, Mikhail Surguchev, resides in Fountain Valley, California. A UCI Health letter dated August 20, 2026 states that Mikhail is under treatment for a right-tibia fracture, is unable to work, is scheduled for surgery on August 31, 2026, and needs Petitioner's assistance during recovery. Exhibits D and E.

18. If released, Petitioner will reside with his father at 9560 Columbus Court, Fountain Valley, California 92708. His father will assist with transportation, ICE reporting, and court attendance. Exhibit E.

19. Petitioner has volunteered since 2023 with European Delights to provide food, transportation, logistics, and practical assistance to refugees, immigrants, and families in need. Exhibit F.

20. Petitioner is willing to resume every prior condition of release and to comply with reasonable additional noncustodial conditions, including reporting, electronic monitoring if ordered, travel restrictions, and address updates.

## IV. GOVERNING STATUTE

21. Section 1226(a) authorizes arrest and detention "pending a decision on whether the alien is to be removed," but it also authorizes release on bond or conditional parole. 8 U.S.C. § 1226(a). The implementing regulations permit custody redetermination by an Immigration Judge. 8 C.F.R. §§ 236.1(d), 1003.19, 1236.1(d).

22. Because Petitioner's BIA merits appeal is pending, his removal order is not administratively final. 8 C.F.R. § 1241.1(a). The Notice of Appeal was submitted within the thirty-day period of 8 C.F.R. § 1003.38(b), and the filing deadline was tolled while Petitioner cured the fee after the Board denied his fee waiver request. 8 C.F.R. § 1003.8(a)(3). *Prieto-Romero* holds that § 1226(a) governs detention during such administrative and judicial review. 534 F.3d at 1059–62.

23. The I-220A confirms that ICE itself placed Petitioner in § 1226 custody and released him under that provision. Re-arrest at an interior ICE office after four years of conditional liberty does not convert that custody into mandatory border

detention.

24. *Rodriguez Vazquez* confirms that § 1225(b)(2)(A) does not create a mass mandatory-detention regime for all persons present without admission; the provision is "best construed as applying to aliens entering the United States at the border." No. 25-6842, slip op. at 25. At minimum, Petitioner's 2026 re-arrest from a § 1226(a) release occurred in the interior and remains governed by § 1226(a).

## V. CLAIM ONE — PROCEDURAL DUE PROCESS

25. The Fifth Amendment protects every person within the United States, including noncitizens, from deprivation of liberty without due process of law. *Zadvydas*, 533 U.S. at 693.

26. An established conditional release is a form of liberty. Its revocation inflicts an immediate and severe loss and ordinarily requires notice and a meaningful opportunity to be heard. *Morrissey v. Brewer*, 408 U.S. 471, 482, 487–89 (1972); *Young v. Harper*, 520 U.S. 143, 152 (1997).

27. Applying *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the private interest is physical liberty; the risk of erroneous detention is acute where ICE acts without notice, disclosed evidence, or a neutral decisionmaker; and the government incurs little burden by providing a pre-deprivation hearing before revoking a years-old release, except in a genuine emergency followed by prompt review.

28. Recent decisions in this District have ordered release where ICE re-detained individuals previously living under supervision without constitutionally sufficient process. See *Pogosian v. Santacruz*, No. 5:26-cv-00540-SRM-E (C.D. Cal. Apr. 28, 2026) (order granting preliminary injunction); *Azadwinder Singh v. Marin*, No. 5:26-cv-00643-ODW (DFMx), 2026 WL 431142 (C.D. Cal. Feb. 13, 2026) (temporary restraining order), preliminary injunction granted (C.D. Cal. Feb.

27, 2026).

29. Respondents gave Petitioner no advance notice, no hearing, and no finding of changed circumstances, violation, danger, or flight risk before re-arrest. Continued detention perpetuates that deprivation.

## VI. CLAIM TWO — DETENTION CONTRARY TO § 1226(a)

30. Section 1226(a) supplies discretionary, individualized custody authority. Respondents violate that statute and its regulations by treating Petitioner as categorically ineligible for release or by withholding any meaningful custody determination.

31. Petitioner's prior I-220A, pending BIA appeal, and interior re-arrest establish that § 1226(a) applies. *Rodriguez Vazquez* and *Prieto-Romero* foreclose the principal contrary theories.

32. Detention without access to the release mechanism Congress provided is custody "in violation of the Constitution or laws or treaties of the United States" within 28 U.S.C. § 2241(c)(3).

## VII. EXHAUSTION

33. Exhaustion in a § 2241 immigration-detention case is prudential, not jurisdictional. See *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

34. Petitioner has requested bond redetermination from the Adelanto Immigration Court. Exhibit G. Further exhaustion is inadequate to remedy the completed deprivation of pre-deprivation process.

35. Irreparable injury is ongoing each day Petitioner remains unlawfully confined, and the imminent August 31 surgery makes delayed relief particularly harmful.

## VIII. PROCEEDINGS UNDER GENERAL ORDER 26-05

36. This action is a petition under 28 U.S.C. § 2241 challenging immigration detention and is governed by this Court's General Order 26-05, which prescribes the assignment and briefing procedures for such petitions.

37. Under General Order 26-05, the Clerk serves the Petition on the United States Attorney's Office by electronic mail and issues a scheduling notice. Respondents' answer is due seven calendar days after that notice issues; any argument for dismissal must be presented in the answer rather than by separate motion; and Petitioner's reply is due three calendar days after the answer, at which point the matter stands submitted unless the Court orders a hearing. Petitioner will comply with that schedule and does not ask this Court to displace it in this Petition.

38. Any application for a temporary restraining order will be filed as a separate document conforming to Federal Rule of Civil Procedure 65 and Local Rules 65-1 and 7-19, as General Order 26-05 requires, and any request to shorten Respondents' time to answer under 28 U.S.C. § 2243 will be presented in that application on a showing of imminent, irreparable harm. Petitioner further notes that General Order 26-05 requires Respondents to give at least two court days' notice to Petitioner, his counsel, and the Court before removing Petitioner from this District.

## IX. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

A. Issue the writ or an order to show cause why the writ should not be granted and direct Respondents to answer within the period prescribed by General Order 26-05;

B. Order Petitioner's immediate release to the conditions stated in his April 21, 2022 I-220A, with reasonable additional noncustodial conditions if necessary;

C. Alternatively, order a custody hearing within 72 hours at which Respondents bear the burden by clear and convincing evidence to prove that detention is necessary because no less restrictive conditions can reasonably address a concrete risk of flight or danger;

D. If Respondents fail to file a timely answer, decide the Petition on the unrebutted record and order immediate release;

E. Enjoin transfer of Petitioner outside the Central District while this action is pending absent advance notice to Petitioner and the Court, consistent with the notice General Order 26-05 requires before removal from this District;

F. Enjoin any future re-detention based on the same record without advance notice and a neutral pre-deprivation hearing, except in a genuine emergency followed by prompt review; and

G. Grant such other relief as the Court deems just and proper.

Dated: August 26, 2026

LAW OFFICES OF JACOB SHIDAEV

/s/ Jacob Shidaev
JACOB SHIDAEV
Attorney for Petitioner Viacheslav Surguchev

**VERIFICATION UNDER 28 U.S.C. § 2242**

I, Jacob Shidaev, am counsel for Petitioner and act on his behalf for purposes of this emergency habeas application. I have reviewed the foregoing Petition and the attached records. The factual allegations are true and correct based on my personal knowledge, communications with Petitioner and his family, and the records identified in the Petition. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 26, 2026, in Sherman Oaks, California.

/s/ Jacob Shidaev
JACOB SHIDAEV